IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JIMMY LEE MEDINA,<br><br>Plaintiff,<br><br>vs.<br><br>KURT KRUEGER, ET AL.,<br><br>Defendants. | CV 21-087-BU-BMM<br><br>ORDER |

Plaintiff Jimmy Lee Medina, proceeding pro se and in forma pauperis, has filed a 42 U.S.C. § 1983 complaint for the violation of his constitutional right to a speedy trial. (Doc. 2.) The Complaint fails to state a claim and therefore will be dismissed.

## I. STATEMENT OF THE CASE

Medina names as defendants Judge Kurt Krueger, Butte-Silver Bow County ("BSBC") Attorney Eileen Joyce, BSBC Sheriff Ed Lester, and BSBC Deputy County Attorney Samm T. Cox. (Doc. 2 at 2.) He asserts claims under the Sixth and Fourteenth Amendments of the U.S. Constitution and under the Montana state constitution. (Doc. 2 at 3.)

Medina's claims arise out of his arrest for theft in BSBC on February 29, 2020, and his ensuing prosecution. (Doc. 2 at 5.) Medina was initially released before trial, but his release was revoked, and he was held without bail for six

1

months in 2021. His attorney apparently notified the County Attorney's office on September 15, 2021, of a speedy trial violation, and Medina was released by Judge Krueger eight days later. (Doc. 2 at 5.) He pled guilty on October 23, 2021. His primary contention is that this detention and prosecution violated his right to a speedy trial, which he asserts arises under the Sixth and Fourteenth Amendments to the U.S. Constitution and Art. II, §§ 20 and 24 of the Montana Constitution. (Doc. 2 at 6.)

## II. SCREENING STANDARD

Medina is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

The Court employs a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This

3

inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed. R. Civ. P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III. SCREENING ANALYSIS

As a preliminary matter, Medina has failed to associate the alleged acts of the individual defendants with the injuries that he claims. Some can be guessed; for example, presumably it was Judge Krueger who denied bail or did not act on any motions related to allegations of Medina's right to a speedy trial. It remains unclear, however, what role Sheriff Lester might have played in the events of which Medina complains. The plaintiff is obliged to specifically identify which acts of the defendants violated his rights. Medina has failed to do so. He has not reached the bar outlined by Rule 8 or *Iqbal* above. He has provided no facts that, if true, would allow the Court to find that these defendants committed a constitutional violation. Further, it is not the Court's job to guess at the relationship

between the named defendants and any violation of Medina's rights. The Complaint fails to state a claim and should be dismissed.

Another deficiency of Medina's Complaint is that Defendants Krueger, Joyce, and Cox enjoy immunity from suit on any claims related to in-court matters. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judge Krueger's decision on detention would be "unquestionably a judicial act." *See Simmons*, 318 F.3d at 1161; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Medina alleges no facts against Judge Krueger that would overcome Judge Krueger's immunity, and he should be dismissed from the case.

Likewise, prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This immunity attaches even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d

630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430–31. There may be other functions performed by a prosecutor that would fall outside of this role, and in some circumstances, a prosecutor will not be protected by immunity. *Kalina v. Fletcher*, 522 U.S. 118 (1997) (acting as a witness is not a prosecutorial function).

Medina has alleged no facts that would overcome Joyce's or Cox's immunity. He has alleged nothing, in fact, regarding Cox's actions, other than receipt of an email. (Doc. 2 at 5.) In the email, Medina's attorney states there appears to be a speedy trial issue, and Cox explains why she disagrees and encourages the attorney to file a motion on the matter. (Doc. 2-1 at 11.) As to Joyce, the only factual allegation is that she filed amended charges. *Id.* These factual allegations are insufficient to state a claim that would overcome prosecutorial immunity, as these acts are 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991).

Finally, the Court has no authority to invalidate a state court judgment or sentence, due to various considerations of the balance between state and federal courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Heck v. Humphrey*, 512 U.S. 477 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. §

1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487.

The sole remedy for a violation of the speedy trial right is dismissal of the charges. *Betterman v. Montana*, 578 U.S. 437, 444 (2016) (citing *Strunk v. United States,* 412 U.S. 434, 440 (1973).) Hence, a determination in this Court on Medina's speedy trial claims would necessitate interference with his state court conviction, which the Court will not do. The Court notices that the records of the Montana Supreme Court do not reflect that Medina appealed his original conviction.[1] Nor did he file for a writ of supervisory control or act in any way to get the Montana Supreme Court to intervene in his state court proceedings. Medina has not established that his state court conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

---

[1] In the unlikely event that the Montana Supreme Court's website does not reflect an ongoing appeal that Medina has actually filed, this Court would still be barred from reviewing his claim, under *Younger v. Harris*, 401 U.S. 37, 45 (1971).

issuance of a writ of habeas corpus. As such, *Heck* bars this Court's consideration of his claim.

### IV. CONCLUSION

Medina's Complaint fails to state a claim because it lacks the specificity required by Fed. R. Civ. P. 8 and *Iqbal,* it names immune defendants, and it is barred by the considerations of *Heck* and *Younger*. Though generally the Court liberally allows amendment, in this case, it determines that the defects in Medina's Complaint are such that amendment would be futile.

Further, the Court declines to exercise its supplemental jurisdiction over Medina's state law claims. 28 U.S.C. § 1367 (providing that in a civil action in which a district court has original jurisdiction, there is supplemental jurisdiction over claims that are part of the same case or controversy); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction." (Internal quotation marks and citations omitted.))

Based upon the foregoing, the Court issues the following:

### ORDER

1. Medina's Complaint is DISMISSED and the Court declines to exercise jurisdiction over any state law claims. The Clerk of Court is directed to close this

matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

3. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Medina's allegations fail to state a claim and are *Heck*-barred. The *Heck* bar is apparent on the face of the complaint, and the case seeks only damages as opposed to injunctive relief. *See Washington v. L.A. Cty. Sherriff's Dep't*, 833 F.3d 1048, 1056-57 (9th Cir. 2016).

DATED this 20th day of December, 2021.

_____
Brian Morris, Chief District Judge
United States District Court